RECEIVED
SEP 2 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| SHAWN A. FRANCIS | * | CIVIL ACTION NO. 04-2277 |
| VERSUS | * | MAGISTRATE JUDGE HILL |
| COMMISSIONER OF SOCIAL SECURITY | * | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Pending before the undersigned is the Motion to Remand filed by defendant, Jo Anne B. Barnhart, Commissioner of the Social Security Administration (the "Commissioner"). (rec. doc. 13). Plaintiff, Shawn W. Francis ("Francis"), has filed opposition. (rec. doc. 15). Based on the following reasons, the Motion is **DENIED**.

In the Motion to Remand, the Commissioner seeks an order from this Court remanding this case for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g). As grounds for the remand, the Commissioner states as follows:

> The ALJ found that Plaintiff was disabled between May 3, 2000, and January 15, 2002, and was therefore entitled to a closed period of disability (Tr. 17). Conversely, the ALJ concluded that Plaintiff was not disabled after January 15, 2002 (Tr. 19). In concluding that Plaintiff was no longer disabled after January 15, 2002, however, the ALJ did apply the medical improvement review standard in accordance with the regulations."

(rec. doc. 13, ¶ I). According to the Commissioner, the Appeals Council has agreed to accept a remand of this case.

Francis opposes the remand because the medical improvement review is "no where to be found in the record." (rec. doc. 15, p. 2). It is unclear whether the Commissioner made a typographical error by failing to include "not" in its statement that "the ALJ did apply the medical improvement standard" or whether Francis is correct.

A district court may remand a case under § 405(g) only in two circumstances: (1) pursuant to the fourth sentence, which authorizes a court to enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for rehearing; and (2) pursuant to the sixth sentence, which allows the court to remand where either the Commissioner requests a remand before answering the complaint or where new, material evidence is adduced that was for good cause not presented before the agency. *Istre v. Apfel*, 208 F.3d 517, 519 (5th Cir. 2000); *see also Waters v. Massanari*, 2001 WL 1143149 (N.D. Tex. Sept. 24, 2001).

The Commissioner asserts that the remand in this case is for further administrative proceedings, which is considered a fourth sentence remand. (rec. doc. 13, p. 2). However, the Court has not yet made a substantive ruling on the correctness of the Commissioner's decision, which is a necessary prerequisite to a

sentence four remand. *Melkonyan v. Sullivan*, 501 U.S. 89, 98-101, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Istre*, 208 F.3d at 519. The plaintiff has filed a brief in support of the reversal of the Commissioner's decision (rec. doc. 10), and the defendant should have the opportunity to properly respond so that the Court may make a determination on the merits.

Accordingly, the Commissioner's Motion to Remand is **DENIED**, and that the Commissioner be **ORDERED** to file a responsive brief on or before **November 14, 2005**, in the absence of which the Court will proceed to determine the petitioner's entitlement to benefits without benefit of the Commissioner's brief.

Signed this 28 day of September, 2005, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE