RECEIVED
DEC 1 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| SHAWN A. FRANCIS | * | CIVIL ACTION NO. 04-2277 |
| VERSUS | * | MAGISTRATE JUDGE HILL |
| COMMISSIONER OF SOCIAL SECURITY | * | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING ON DEFENDANT'S SUPPLEMENTAL MOTION TO REMAND

Pending before the undersigned is the Supplemental Motion to Remand filed by defendant, Jo Anne B. Barnhart, Commissioner of the Social Security Administration (the "Commissioner"). (rec. doc. 21). Plaintiff, Shawn A. Francis ("Francis"), has filed opposition. (rec. doc. 23). Based on the following reasons, the Motion is **DENIED**.

On August 25, 2005, defendant filed a Motion to Remand this case for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g) (rec. doc. 13, which plaintiff opposed (rec. doc. 15). On September 28, 2005, the Court issued a Memorandum Ruling and Judgment denying the motion to remand on the grounds that this Court had not yet made a substantive ruling on the correctness of the Commissioner's decision, which is a necessary prerequisite to a sentence four remand under *Melkonyan v. Sullivan*, 501 U.S. 89, 98-101, 111 S.Ct. 2157, 115 L.Ed.2d 78

(1991), and *Istre v. Apfel*, 208 F.3d 517, 519 (5th Cir. 2000). (rec. docs. 18, 19).

On November 7, 2005, defendant filed a Supplemental Motion to Remand on the grounds that under *Sullivan v. Finkelstein*, 496 U.S. 617, 624 (1990), remand for further administrative proceedings, without identifying any substantive grounds for doing so, is proper. (rec. doc. 21, p. 2). Plaintiff opposes this motion on the grounds that *Finklestein* does not allow the type of remand contemplated by the Commissioner in this case. (rec. doc. 23, p. 1). The Court agrees.

In *Finklestein*, the Court held a remand order is a final judgment for the purpose of establishing appellate jurisdiction over appeals by the Commissioner, where the remand order invalidated a Social Security regulation. As noted by the Fifth Circuit in *Frizzell v. Sullivan*, 937 F.2d 254, 256 (5th Cir. 1991), the *Finkelstein* court narrowly limited its holding, and expressly declined to comment on the finality and immediate appealability of remand orders in other circumstances, *id.* 496 S.Ct. at 623 n. 3. The type of remand order at issue in *Finkelstein* is not the same in this case.

Further, the Supreme Court specifically noted that the District Court had entered a judgment in that case as contemplated by the fourth sentence of 42 U.S.C. § 405(g), reasoning as follows:

> What happened in this case is that the District Court entered a "judgment ... reversing the decision of the Secretary, with ... remanding the case for a rehearing." The District Court's remand order was unquestionably a "judgment," as it terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits, set aside that determination, and finally decided that the Secretary could not follow his own regulations in considering the disability issue.

*Id.* at 625.

The Commissioner's interpretation of this case as holding that "remand for further administrative proceedings, without identifying any substantive grounds for doing so, is proper," is overly broad. (rec. doc. 21). The Supreme Court clearly indicated that its holding was limited to the type of order at issue in that case. Both *Melkonyan and Istre*, which were decided subsequent to *Sullivan*, held that a district court may remand a case under § 405(g) only in two circumstances: (1) pursuant to the fourth sentence, which authorizes a court to enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for rehearing; and (2) pursuant to the sixth sentence, which allows the court to remand where either the Commissioner requests a remand before answering the complaint or where new, material evidence is adduced that was for good cause not presented before the agency. *Istre*, 208 F.3d at 519; *see also Waters v. Massanari*, 2001 WL 1143149 (N.D. Tex. Sept. 24, 2001). Neither of those circumstances apply here.

3

Accordingly, the Commissioner's Supplemental Motion to Remand is **DENIED**, and that the Commissioner be **ORDERED** to file a responsive brief on or before **January 12, 2006**, in the absence of which the Court will proceed to determine the petitioner's entitlement to benefits without benefit of the Commissioner's brief.

Signed this 14 day of December, 2005, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE